### C. R. FISHER v. ED WARMKA.[1]

April 22, 1938.

No. 31,598.

[1]Reported in 279 N. W. 270.

508

*Frank L. King,* for appellant.

*Don M. Smith* and *Putnam & Carlson,* for respondent.

PER CURIAM.

This was an action to recover a commission for negotiating the purchase of a farm which the defendant was interested in buying either for himself or his son. The trial court directed a verdict for the defendant. The plaintiff has appealed from an order denying his motion for a new trial.

Plaintiff was engaged in the real estate business at the village of Wells in Faribault county. He made an agreement with the defendant to assist in the purchase of a part of the Whiteis Farm comprising 120 acres. This agreement was in writing and after reciting the foregoing facts provided:

"* * * and whereas said farm is owned by various and numerous Whiteis heirs in undivided interest,

"And whereas first party has informed second party that he is of the opinion that a purchase of the interest owned by some of the various heirs might be had.

"Now, Therefore, upon consideration of the mutual covenants of the parties hereto and upon consideration of said party of the first part putting forth every effort to bring about said purchase by said party of the second part or under his direction to whoever said second party might nominate as the purchaser, it is agreed that said second party will enter into a contract with the various heirs agreeable to a sale of their undivided interests for whatever amount per acre less than $66.66 per acre the said party of the first part shall promote with said heirs, and the said party of the second part does by these presents hereby agree to pay the said party of the first part the difference between the contract price per acre and the sum of $66.66 per acre, said amount to be and become the commission or property of the party of the first part."

Then followed the date and the signatures, after which was appended:

"It is further agreed, that first party will use every effort to get Mrs. Bernice Sharp and Dwight Whiteis to sign contract for deed and if impossible to get the above to sign contract then contract for deed is null and void."

It is the plaintiff's claim that he negotiated with the Whiteis heirs for the sale of the desired farm to the defendant's son Louis for a sum of $799.20 less than the price per acre fixed in the agreement with the defendant and that the defendant named Louis as the person who should take the title to the farm under his arrangement with the plaintiff. Upon the trial the plaintiff offered in evidence a contract for deed running to Louis Warmka apparently signed by part of the Whiteis heirs although no competent evidence of their heirship was offered. This contract for deed was later withdrawn and so is not in evidence. A warranty deed to Louis Warmka signed by Melissa Whiteis, Millie A. Andrews, Bernice Sharp, Otis Sharp, Dwight Whiteis, and Mabel Whiteis was offered and received in evidence, but no proof was made that these people were Whiteis heirs. The offer in evidence of the register of deeds' record of two other deeds was rejected. The record indicates that one of these deeds was from Ada E. Becklun to Louis Warmka. The trial court sustained an objection to the offer of this deed in evidence, and the plaintiff excepted to the ruling. This is the only exception in the record, and no rulings were specified as errors of law in the motion for new trial. No competent proof was offered that Ada E. Becklun was one of the Whiteis heirs. In this condition of the record there is total failure of proof that the plaintiff performed his contract with the defendant, and the order of the trial court must be affirmed.